■ Hotel 57 L.L.C., Doing Business as Four Seasons Hotel, New York, Appellant, v Tyco Fire Products et al., Respondents, et al., Defendants. [874 NYS2d 49]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 16, 2007, which granted the motion of defendants Tyco Fire Products, Central Sprinkler Corporation and Central Sprinkler Company for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Giving the two prior California class action settlements in *Hart v Central Sprinkler Corp.* (No. BC 176727) and *County of Santa Clara v Central Sprinkler Corp.* (No. CV 771019) the preclusive effect they would be accorded in California (*Durfee v Duke*, 375 US 106, 109 [1963]), we find that the motion court correctly determined that plaintiff's claims of fraudulent misrepresentation and nondisclosures relating to the replacement of defendants' defective Omega fire sprinkler heads are barred by the doctrine of res judicata (*see Federation of Hillside & Canyon Assns. v City of Los Angeles*, 126 Cal App 4th 1180, 1202, 24 Cal Rptr 3d 543, 557 [Ct App 2004]; *see also Phillips Petroleum Co. v Shutts*, 472 US 797, 812 [1985] [holding that a state class action with right of opt-out satisfies due process and applies nationally]). Although the settlement provided for a right to opt-out, plaintiff failed to take advantage of that provision and failed to fulfill the requirements for having its sprinklers replaced despite having received proper notice.

Contrary to plaintiff's contention, its claims are neither "factually unique" nor "completely distinct" from those raised

in the California actions when analyzed under "the same cause of action" prong of California's doctrine of res judicata (*see id.*). The California doctrine "is based upon the primary right theory" (*Mycogen Corp. v Monsanto Co.*, 28 Cal 4th 888, 904, 51 P3d 297, 306 [2002]), rather than the transactional theory favored in New York. "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action" (*id.* [internal quotation marks and citation omitted]). A comparison of the instant complaint and the California class action complaints shows that the primary right of the plaintiffs in all three actions was to have defective sprinklers replaced without incurring the expense of replacement and to be free of any misrepresentations by defendants regarding the suitability of the Omega sprinkler heads. Moreover, the Omega notice packet and the class action documents identified the fire sprinkler products involved in the class actions as "including those containing EPDM and/or silicone o-rings" and listed their model numbers, which included those of the sprinklers installed in the hotel.

As to plaintiff's claims for fraud and negligent misrepresentation, the court correctly found as a matter of law that plaintiff could not show that it reasonably assumed that the Omega notice packet it received in connection with the settlement of the class actions did not pertain to the sprinklers that already had been installed by defendants to replace the originals. The packet stated that "[t]he recall terms may also provide benefits to those who have *already* replaced Omegas between May 1, 1996 and October 14, 1998." It informed all class members, including plaintiff, of the material elements of the settlement, including the opt-out provision, of which plaintiff did not avail itself. Contrary to its contention, plaintiff had in its possession, when it received the packet, all the information and forms needed to obtain any of the various forms of relief that were available (*see e.g. Wilkes ex rel. Mason v Phoenix Home Life Mut. Ins. Co.*, 587 Pa 590, 619-622, 902 A2d 366, 383-385 [2006], *cert denied* 549 US 1054 [2006]).

The court also correctly found that the above-cited information negated any basis for plaintiff's claim of equitable estoppel (*see BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 853 [1985]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ. [*See* 2007 NY Slip Op 33820(U).]